UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mariama Moore,                                                                            No. 23cv909 (PAM/DJF)

            Plaintiff,

v.                                                                                      **ORDER**

Dry Goods, LLC and Holly Urbnis,

            Defendants.

---

Plaintiff Mariama Moore has not paid the filing fee for this action, instead applying for in forma pauperis ("IFP") status. (Docket No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

The Court has reviewed the IFP application and concludes that Moore qualifies financially for IFP status. But the Court must deny an IFP application and dismiss the action when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency

of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Moore alleges in her Complaint that Defendants discriminated against her on the basis of her race, religion, national origin, color, gender, and age when they "fail[ed] to hire" her or "make [a] contract offer."[1] Complaint at 5 [Docket No. 1]. No other factual allegations whatsoever are offered in the Complaint, and the exhibits attached to the Complaint do not offer much additional detail.[2] This is plainly not enough to state a claim on which relief may be granted under federal discrimination laws. As this Court has previously explained, "mere 'conclusory allegations of . . . discrimination' are insufficient and a pleading asserting only bare allegations of discrimination should be dismissed." Flournoy v. Constr. Careers Found., No. 21-CV-1486 (PAM/BRT), 2021 WL 4226032, at *3 (D. Minn. Sept. 16, 2021) (quoting Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1015 (8th Cir. 2013)). Because there is no plausible basis on which a factfinder

---

[1] This action is one of six employment-discrimination lawsuits Moore filed in this District on the same day. See Moore v. Hennepin County, No. 23-CV-904 (ADM/ECW); Moore v. Lancaster, No. 23-CV-905 (PJS/JFD); Moore v. Robert Half, Int. Inc., No. 23-CV-906 (JRT/ECW); Moore v. Allina Health System, No. 23-CV-907 (JWB/TNL); and Moore v. US Bank National Assoc., No. 23-CV-908 (WMW/LIB).

[2] Moore's charge of discrimination filed with the Equal Employment Opportunity Commission states that she believes she was unlawfully discharged, not that Defendants unlawfully failed to hire her as is alleged in the Complaint. See Pl. Ex. at 3 (Docket No. 1-1).

could conclude that Defendants have treated Moore differently on account of her race, gender, or other impermissible factor, this action must be dismissed without prejudice.

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's application to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 13, 2023 

 *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge